UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HOLLIS M. GREENLAW, ET AL. | § | |
| | § | |
| v. | § | CIVIL NO. 4:20-CV-311-SDJ |
| | § | |
| DAVID KLIMEK, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to File Redacted Complaint. (Dkt. #17).

The United States has responded as an interested party, and Defendants have joined

in the United States' arguments. (Dkt. #21). Plaintiffs have replied, (Dkt. #22), and

the United States has filed a sur-reply, (Dkt. #23).[1] Having considered the motion,

the subsequent briefing, and the relevant law, the Court concludes that the motion

should be **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND

Acting on behalf of the United States, Defendants, who are all federal law-

enforcement officials, have been investigating UDF[2] for approximately five and a half

years. (Dkt. #17 at 8). Now, Plaintiffs have filed a Complaint under seal, alleging that

Defendants violated Plaintiffs' Fourth and Fifth Amendment rights by unlawfully

obtaining a search warrant to search UDF's corporate headquarters. The search-

warrant affidavit has been under seal for over four years. (Dkt. #17 at 5). Plaintiffs

have been permitted to inspect the affidavit but not to make copies of it. (Dkt. #21

---

[1] For the purposes of this order, the Court will refer to the United States' and
Defendants' joint arguments as Defendants' arguments.

[2] "UDF" is a family of real estate development financing companies, which includes
Plaintiff United Development Funding IV.

at 2). However, Plaintiffs' Complaint relies, at least in part, on the contents of the sealed search-warrant affidavit.

Plaintiffs argue that the Complaint contains only "a few passages that discuss the contents of the search warrant affidavit." (Dkt. #17 at 5). Plaintiffs seek to redact these passages and file the redacted version of their Complaint unsealed so that the allegations are "open and available to the public." (Dkt. #17 at 5). Defendants contend that Plaintiffs' proposed redactions fail to ensure that the non-redacted portions are not still "tainted" by information gleaned from the sealed affidavit. (Dkt. #21 at 2). Defendants further assert that "the proposed redacted complaint contains references to and descriptions of non-public and sealed aspects of the [United States'] criminal investigation, which Plaintiffs have not proposed to redact." (Dkt. #21 at 2–3). Thus, Defendants argue that "the United States' interest in preserving the integrity of this ongoing pre-indictment investigation outweighs the public's qualified right to review judicial records" and that the Complaint should remain sealed until the United States either files charges or determines that it will not file charges. (Dkt. #21 at 3).

## II. LEGAL STANDARD

The decision of whether to seal judicial records,[3] unseal but redact them, or unseal them completely is "left to the discretion of the district court, upon the court's consideration of the 'relevant facts and circumstances of the particular case.'" *United*

---

[3] Whether the Complaint is a "judicial record" is a "gateway question" that is not contested here. *United States v. Sealed Search Warrants*, 868 F.3d 385, 396 n.4 (5th Cir. 2017). However, even if it were in dispute, the Complaint would patently qualify as a judicial record, as would the pre-indictment warrant affidavits on which the Complaint purportedly relies. *Id.* (citing *Baltimore Sun Co. v. Goetz (In re Baltimore Sun Co.)*, 886 F.2d 60, 63–64 (4th Cir. 1989)).

*States v. Sealed Search Warrants*, 868 F.3d 385, 390 (5th Cir. 2017) (quoting *Nixon v. Warner Comm'cns, Inc.*, 435 U.S. 589, 599, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)). "In cases involving a request to unseal affidavits in support of pre-indictment search warrants, district courts should exercise their discretion by balancing the public's right to access judicial documents against interests favoring nondisclosure." *Id.* at 396. "Undergirding balancing is a 'presumption in favor of the public's common law right of access to court records.'" *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (quoting *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993)). "This presumption reflects the fact that public confidence in our judicial system cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decisions sealed from public view." *Id.* (brackets and quotations omitted). The presumption does not, however, "translate to a burden of proof." *Id.*

"[A] district court must review the individual affidavits [allegedly supporting pre-indictment search warrants] in order to 'make findings and conclusions specific enough for appellate review.'" *Sealed Search Warrants*, 868 F.3d at 397 (quoting *Baltimore Sun Co. v. Goetz (In re Baltimore Sun Co.)*, 886 F.2d 60, 66 (4th Cir. 1989)). While a court need not go line by line through each affidavit, a court must at least "articulate any reasons that would support sealing a judicial document or explain why it chose to seal a judicial document." *Id.* (brackets and quotations omitted).

### III. DISCUSSION

At the heart of this motion lies the public's "common law right to inspect and copy judicial records." *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020) (quotation omitted). "This right promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness, and serves as a check on the integrity of the system." *Id.* (brackets and quotation omitted).

"The public's common law right of access is not absolute, however, and the common law merely establishes a presumption of public access to judicial records." *Id.* at 225 (quotation omitted). The Fifth Circuit "has not assigned a particular weight to the presumption" nor "interpreted the presumption in favor of access as creating a burden of proof." *Id.* However, in some cases, the presumption of the public's right of access can, by itself, outweigh any interest favoring non-disclosure. *Id.* at 233. Moreover, the Fifth Circuit has cautioned district courts that their "discretion to seal the record of judicial proceedings is to be exercised charily." *Id.* at 225 (citations omitted). Further, "[t]he public's interest is particularly legitimate and important where . . . at least one of the parties to the action is a public entity or official." *Id.* at 233 (citation omitted).

Where the records sought to be unsealed are part of an ongoing criminal investigation, such as affidavits supporting pre-indictment search warrants, the Court must also weigh the public's countervailing interest in effective law enforcement. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Unlimited access, while perhaps aiding the professional and public monitoring of

courts, might adversely affect law enforcement interests or judicial performance."). However, the fact that the records to be unsealed represent pre-indictment investigation materials is not, by itself, a bar to disclosure. *See Sealed Search Warrants*, 868 F.3d at 390 ("[T]he qualified common law right of access can extend to an individual seeking to access pre-indictment search warrant materials."). Another interest favoring non-disclosure is the need to keep witness information confidential. As the Second Circuit explained in *Amodeo*:

> Officials with law enforcement responsibilities may be heavily reliant upon the voluntary cooperation of persons who may want or need confidentiality. If that confidentiality cannot be assured, cooperation will not be forthcoming . . . . If release is likely to cause persons in the particular or future cases to resist involvement where cooperation is desirable, that effect should be weighed against the presumption of access.

71 F.3d at 1050. Such concerns can, however, be satisfied by proper redactions concealing information identifying witnesses. *See, e.g.*, *id.* at 1052 ("If [confidential] informants in the present or future cases anticipate that their cooperation will likely become a matter of public knowledge, valuable cooperation might cease. However, [the judge's] redactions have satisfied those concerns.").

## A. Interests in Disclosure

Plaintiffs assert that, on top of the presumption in favor of disclosing judicial records to the public, the Court should stack additional weight in favor of disclosure because this action involves matters of particular concern to the public. Specifically, Plaintiffs have sued public officials for allegedly abridging Plaintiffs' constitutional rights. (Dkt. #17 at 12). Plaintiffs assert that their action seeks to curb "abuse in the justice system" and deter "prosecutors and federal agents, who take an oath to uphold

the Constitution, from violating the constitutional rights of citizens." (Dkt. #17 at 12). In addition, Plaintiffs state that "innocent investors, who lost over $530 million as a result of Defendants' actions related to the illegal short and distort fraud scheme, have a legitimate right to see this action litigated publicly." (Dkt. #17 at 12).

The Court agrees that Plaintiffs' claims involve public officials and purported constitutional violations and, therefore, that Plaintiffs' allegations implicate the public's "particularly legitimate and important" interest in the action, which is an additional weight in favor of disclosure. *Bradley*, 954 F.3d at 233.

## B. Interests in Non-Disclosure

Defendants assert several countervailing interests in favor of non-disclosure. First, Defendants assert that the allegations set forth in the Complaint should not be made public until the government has determined whether it will bring criminal charges against Plaintiffs. (Dkt. #21 at 4–5). Defendants argue that "[g]iven the United States is not requesting these documents remain sealed forever, the interest in protecting the integrity of the criminal investigation outweighs the qualified public interest in inspecting judicial records." (Dkt. #21 at 5). Second, Defendants contend that "these allegations discuss meetings between witnesses and investigators" and that "publicizing the nature and content of these meetings could have a chilling effect on these witnesses' willingness to cooperate with investigators for the duration of the investigation, on the cooperation of new witnesses, and could potentially chill witness cooperation in future investigations." (Dkt. #21 at 4). Defendants also assert that, while motive in unsealing a record is typically not a factor to be weighed, the Court

should consider motive here because Plaintiffs' actions constitute a "vendetta" against Defendants and is an attempt to gain a "competitive advantage" in Plaintiffs' criminal defense. (Dkt. #23 at 5).

The Court also agrees with Defendants that the potential chilling effect on witness cooperation is a serious concern and one that must be weighed in favor of non-disclosure.[4] However, the Court also notes that both of the cases that Defendants cite in support of their point concluded that redacting information identifying witnesses can, in certain cases, resolve such chilling-effect concerns. In *Amodeo*, for instance, the Second Circuit held that the district court's redactions resolved any concerns about disclosing confidential informant information. 71 F.3d at 1052. However, because the resulting redactions were so extensive as to render the document unintelligible to the public and would thus be "more likely to mislead than to inform the public," the court held that the document should remain sealed. *Id.* at 1047–48, 1052. In *In re Sealed Search Warrants Issues June 4 and 5, 2008*, the FBI applied for and obtained search warrants, which the court sealed. No. 08–M–208, 2008 WL 5667021, at *1 (N.D.N.Y. July 14, 2008). After the execution of those warrants, a newspaper reporter moved the court to unseal the warrants, returns, and accompanying affidavits and applications. *Id.* The district court concluded that the pre-indictment search warrants at issue contained no information that "reasonably could reveal identities of any source of information of third parties" and therefore

---

[4] The Court agrees with Defendants and the court in *United States v. Van Doren* that "guns and drugs" cases do not have a "monopoly" on the chilling effect on confidential informants and rejects Plaintiffs' argument to the contrary. (Dkt. #23 at 2) (citing No. 5:12-cv-50035-003, 2013 WL 2368994, at *2 (W.D. Ark. May 29, 2013)).

ordered them unsealed. *Id.* at *4. The applications and affidavits supporting the warrants, however, revealed such identifying information and, importantly, the Court found that "unsealing either the applications or affidavits, *even in redacted form*, cannot be accomplished at this stage without serious risk to the investigation." *Id.* at *5 (emphasis added).

The Court agrees that the chilling effect that disclosure would have on confidential informants is an interest that must be balanced against the presumption in favor of disclosure and the public's interest in viewing allegations of unconstitutional conduct against public officials. However, the Court disagrees with Defendants that unsealing this information otherwise "threatens" the government's investigation. *See* (Dkt. #21 at 4) (characterizing the threat to the government's investigation and the chilling effect on confidential informants as separate interests that the Court should weigh). Defendants do not specify how disclosure could threaten the government's investigation apart from the chilling effect on informants. Defendants merely conclude that keeping the Complaint sealed is "necessary to protect the integrity of NDTX's criminal investigation." (Dkt. #21 at 5). But the government must articulate a specific harm created by disclosure, not offer conclusory statements to support a "blanket claim of confidentiality." *Vantage Health*, 913 F.3d at 451.[5] Defendants have not identified a legitimate specific harm, other

---

[5] Defendants contend that Plaintiffs cannot rely on *Vantage Health* because the court in that case held that the arguments in favor of non-disclosure failed for three reasons: (1) the nonparty opposing unsealing was unable to articulate a specific harm caused by disclosure; (2) the documents sought to be unsealed were already subject to a protective order and were restricted to "attorney's eyes only"; and (3) the documents were still subject to redaction. (Dkt. #23 at 2–3). Defendants contend that, by contrast, they have articulated a specific harm

than the chilling effect on informants, and such additional harm is not readily apparent to the Court. Plaintiffs are not seeking to unseal the search warrant affidavit on which their Complaint relies. However, even if they were, Plaintiffs have already been granted the opportunity to inspect the affidavit, so Defendants' concern that Plaintiffs are merely abusing the civil discovery rules to circumvent criminal discovery rules is inapplicable to this case. (Dkt. #23 at 4) (citing FED. R. CRIM. P. 16(a)(2), 26.2; *Degen v. United States*, 517 U.S. 820, 825, 116 S.Ct. 1777, 135 L.Ed.2d 102 (1996)).

Further, Defendants assert that, "[u]nlike the typical case where an outside entity such as the media seeks access of otherwise sealed information, here the Plaintiffs, who already possess the information" seek to disclose the information to the public as "a vendetta against the prosecutor and agents overseeing the investigations and seek to obtain a competitive advantage in their fight against the criminal investigation." (Dkt. #23 at 5). Defendants argue that a court can consider such personal motives when determining whether to unseal judicial records. (Dkt. #23 at 5) (citing *Amodeo*, 71 F.3d at 1050). Defendants' arguments are unavailing. It makes no difference whether it is a media entity, a party, or some other person seeking to disclose a judicial record. Nor does is matter whether the person seeking to disclose the information already possesses that information. This is

---

(the chilling effect on witnesses) and that the Complaint would be made public without restrictions. (Dkt. #23 at 2–4). However, it is not the case that Plaintiffs seek to make the Complaint public without restrictions. As Defendants concede, the Complaint would be subject to redactions—precisely the same restriction placed on the publicly filed documents in *Vantage Health* (the protective order only applied to documents that were not filed). *Vantage Health*, 913 F.3d at 451.

because it is not the discloser's right of access to judicial records that is at issue but the *public's* presumed right of access and the Court's interest in preserving the integrity of the judiciary. The Complaint's extensive and detailed allegations of constitutional violations do not otherwise demonstrate a personal "vendetta" against the law-enforcement officials. Moreover, Plaintiffs' already having access to the information in the Complaint undermines rather than bolsters Defendants' argument that disclosure will give Plaintiffs a "competitive advantage" in the criminal investigation.[6] Thus, the Court will weigh only the chilling effect on confidential informants as a factor in favor of non-disclosure and not Defendants' generalized allegations of harm or Plaintiffs' purportedly improper motives.

## C. Weighing the Interests in Disclosure against the Interests in Non-Disclosure

Weighing the chilling-effect concern against the presumption of disclosure and the public's interest in allegations against public officials, the Court finds that the interests in disclosure outweigh the interests in non-disclosure. As Plaintiffs point out, the government has been investigating Plaintiffs for five and a half years yet has brought no charges. While Defendants assert that the Court should keep Plaintiffs' Complaint sealed until the government makes its determination as to whether to indict, the Court has no assurance from the government as to when it will make such a determination. The Court's analysis might be different if the government's investigation were in its nascent stage; however, the government cannot expect the

---

[6] Further, the Second Circuit in *Amodeo* spoke of a "competitive economic advantage," something Defendants do not allege is present here. *Amodeo*, 71 F.3d at 1050.

Court to wait indefinitely for the government to charge or determine not to charge Plaintiffs. And, more importantly for this motion, the public is likewise not obligated to wait an interminable amount of time before viewing the allegations in this case. The Court will have to make factual and legal determinations on the merits of Plaintiffs' claims in the coming months, and the public has a right to know the bases for the Court's decisions. Keeping the Complaint sealed obscures the allegations from the public and undermines the public's trust in the judicial system—a result the Court must be chary to avoid if possible. If Defendants could articulate specific harms that disclosure of the Complaint would do to the government's investigation, the Court's analysis might lead to a different conclusion. But Defendants have specified only one harm: the chilling effect on the participation of confidential informants. While the Court deems this concern significant, the Court also concludes that this concern can be resolved with proper redactions. The Court is not persuaded that the Complaint's passages identifying the existence and identities of confidential informants are so extensive that redaction of those passages would render the Complaint meaningless to the public. To the contrary, the Complaint's seventy-two pages allege a great many matters of interest to the public that do not require the exposure of confidential informants.

Thus, the Court concludes that appropriate redactions will resolve Defendants' chilling-effect concerns while preserving the public's common-law right to access judicial records. However, the Court agrees with Defendants that the proper course is for Plaintiffs and Defendants to confer on appropriate redactions. The Court will

therefore order the parties to confer on redactions that will appropriately shield from public view those references, and only those references, that either directly reference the sealed search warrant affidavit or would expose the existence or identities of confidential informants who have assisted the government in its investigation. If the parties are unable to agree on redactions, both sides will be required to submit to the Court their proposed redactions and their objections to the other side's proposed redactions. The Court will also order the parties to confer on and submit a proposed protective order that sets forth procedures for redacting confidential-informant information or sealing future filings containing such information. The proposed protective order may also, but is not required to, include restrictions on the exchange of discovery among the parties concerning information the parties deem to be "confidential" or for "attorney's eyes only."

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiffs' Motion to Redact Complaint, (Dkt. #17), is **GRANTED in part** and **DENIED in part**. The Court grants Plaintiffs the right to file an unsealed, redacted complaint, but not without first conferring with Defendants in the manner described below.

It is further **ORDERED** that the parties confer on the appropriate redactions necessary to shield from public view any references that either directly reference the sealed search warrant affidavit or expose the existence or identity of any confidential informant assisting with the government's investigation. Following such discussions, the parties are further **ORDERED** to file no later than **21 days** after the entry of this order one of the following:

- An agreed motion to file redacted complaint attaching, **under seal**, an agreed proposed redacted version of the Complaint that complies with the Court's requirements in this order; or

- Separate motions to file redacted complaint, with each side's motion attaching, **under seal**, its proposed redacted version of the Complaint.

If the parties file the latter, each side must submit a response containing specific objections to the other side's proposed redactions within **14 days** of the filing of the other party's motion. The Court will not entertain further reply or sur-reply briefs on the matter, absent a change in controlling law on the issues relevant to the motions.

It is further **ORDERED** that the parties confer on the terms of an agreed protective order and submit to the Court no later than **21 days** after the entry of this order one of the following:

- An agreed motion to enter protective order attaching an agreed proposed protective order that, at a minimum, provides procedures for redacting, sealing, or unsealing any future submissions to the Court in accordance with the Court's requirements above; or

- Separate motions to enter protective order, with each side's motion attaching its proposed protective order.

**So ORDERED and SIGNED this 11th day of December, 2020.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE